## PUTNAM v. UNITED STATES.
### Civ. A. No. 1476.

District Court, D. Massachusetts.

Feb. 7, 1944.

Raymond T. King, of Springfield, Mass., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Leon F. Cooper, Sp. Assts. to Atty. Gen., Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., for United States.

SWEENEY, District Judge.

This is an action to recover income taxes which are alleged to have been illegally assessed and collected. The only question involved is whether certain dividends received by the taxpayer from Package Machinery Company in the year 1935 are taxable under Section 115(a) and (b) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev. Acts, page 703.

### Findings of Fact

In June of 1928, Package Machinery Company acquired all of the assets of Ferguson & Haas, Inc., a Delaware corporation, in exchange for 864 shares of its preferred stock and 1,000 shares of its common stock. The preferred stock came from treasury stock, and the common stock was new issue.

Among the assets of Ferguson & Haas, Inc., which Package Machinery Company acquired, were earnings or profits, accumulated after February 28, 1913, in the amount of $72,401.24. As of December 31, 1934, Package Machinery Company had earnings or profits of its own, which were accumulated after February 28, 1913, in the amount of $21,790.27.

The plaintiff was a stockholder of Package Machinery Company, and he was also the beneficiary of a trust which owned stock in the same company. During 1935, Package Machinery Company paid dividends totalling $90,639 to its stockholders which included two payments to this taxpayer, one directly to him in his stockholder capacity in the amount of $14,847.50, and the other in his capacity as a beneficiary of the trust in the amount of $1,465.31. In his tax return for the year 1935 the taxpayer included only such dividends as had been paid from the earnings or profits of Package Machinery Company itself. The Commissioner determined that dividends received by the taxpayer from the acquired earnings or profits of Ferguson & Haas, Inc., should have been included in his return.

When Package Machinery Company took over the assets of Ferguson & Haas, Inc., in June of 1928, the two stockholders of Ferguson & Haas, Inc., treated the transaction as a statutory reorganization from which no profit was recognizable for income tax purposes, and they paid no tax thereon. It is conceded that, if the earned surplus of Ferguson & Haas, Inc., was properly a part of the earned surplus of Package Machinery Company at the time that the 1935 dividends were declared, the Commissioner's determination is correct. The plaintiff urges, however, that the 1928 transaction was not in reality a tax free reorganization, since the taxpayer paid for the assets of Ferguson & Haas, Inc., by cash or other valuable consideration. He contends that, since Package Machinery Company paid for the assets of Ferguson & Haas, Inc., with its own treasury stock, it was in fact purchasing the assets of Ferguson & Haas, Inc., in the same manner in which any person would purchase goods in the open market, and that the resultant consolidation had none of the earmarks of the corporate reorganizations with which

730

the statute making reorganizations tax free was concerned. He cites Mertens "Law of Federal Income Taxation" (Sec. 20.50, Vol. 3) as authority for the statement "that a sale for cash is the clearest kind of a closed transaction with complete realization and recognition of gain or loss there could possibly be."

While not disputing the above-quoted statement, I cannot agree that the 1928 transaction was not a reorganization within the meaning of the statute. The assets of Ferguson & Haas, Inc., were not paid for with cash, but with treasury stock of Package Machinery Company and by the issuance of new stock in that company. The transaction was a merger of the two corporations within the meaning of Section 112(i) (1) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 379, and, as such, any gain or loss could not be recognized for tax purposes. The transaction was properly treated by the stockholders of Ferguson & Haas, Inc., as a non-taxable reorganization.

All of the reasoning in Commissioner v. Sansome, 2 Cir., 60 F.2d 931 and Baker v. Commissioner, 2 Cir., 80 F.2d 813, is applicable to this case. Under the law of those two cases, I find that the earnings or profits of Ferguson & Haas, Inc., when transferred to Package Machinery Company became earned surplus in the hands of Package Machinery Company, and on distribution to its stockholders it was taxable income to them.

#### Conclusions of Law

(1) I conclude and rule that the transaction whereby Package Machinery Company acquired all of the net assets of Ferguson & Haas, Inc., in exchange for capital stock of Package Machinery Company was a non-taxable or statutory reorganization.

(2) I conclude and rule that when the undistributed earnings or profits of Ferguson & Haas, Inc., were transferred to Package Machinery Company they became the earnings or profits of Package Machinery Company and available for the payment of dividends by that corporation to its stockholders.

(3) I conclude and rule that the dividends paid by Package Machinery Company to its stockholders in 1935 were paid out of the earnings or profits of Package Machinery Company within the meaning

of Section 115(b) of the Revenue Act of 1934.

(4) I conclude and rule that the taxes assessed by the Commissioner against this taxpayer were proper and legal.

(5) I conclude and rule that the plaintiff is not entitled to recover.

The cause of action is to be dismissed.